1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9   RANDALL GEORGE ANGEL,                 )        3:07-cv-00503-BES-VPC
                                          )
10               Plaintiff,               )
                                          )        **ORDER**
11        v.                              )
                                          )
12  ELDORADO CASINO, INC.; JAMES          )
    RUSSELL; TIMOTHY JACOBS,              )
13                                        )
                 Defendants.              )
14  _____ )

15        Presently before this court is a Motion to Dismiss (#19) filed by Defendants Eldorado

16  Casino, Inc. ("Eldorado"), James Russell ("Russell") and Timothy Jacobs ("Jacobs")

17  (collectively "Defendants"). Plaintiff filed an Opposition (#23) and Defendants filed a Reply

18  (#25). Defendants' motion is directed to Plaintiff's Complaint (#4) filed on November 16, 2007.

19  However, after the Motion to Dismiss was fully briefed, Plaintiff filed an Amended Complaint

20  (#32) on March 6, 2008. Unlike the original Complaint, the Amended Complaint does not

21  name any John Doe defendants, does not reference certain Nevada statutory claims, and

22  does not include exhibits. In all other respects, however, the two pleadings are identical and

23  contain virtually the same factual allegations against Defendants. (Compare Complaint (#4)

24  with Am. Complaint (#32)).

25        As a general rule, once an amended pleading is filed, the original pleading no longer

26  serves any function in the case. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992);

27  see also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (an amended complaint supersedes the

28  original complaint). Thus, Defendants' Motion to Dismiss (#19) has been rendered moot

1    because this action is now proceeding on Plaintiff's Amended Complaint.  Cognizant of the

2    procedural posture of their original Motion, Defendants filed a Motion to Dismiss Amended

3    Complaint (#33) on March 19, 2008.  In response, Plaintiff filed an Opposition (#35) and

4    Defendants filed their Reply (#37).[1]  Plaintiff then filed a Supplement to Opposition to Motion

5    to Dismiss Amended Complaint (#39) and a Reply to Defendants' Reply (#40).[2]

## I. BACKGROUND

7        This action arises out of an incident that occurred at the Eldorado on November 23,

8    2006.  According to Defendants, Plaintiff was found sleeping in one the casino's restrooms

9    after he had previously been removed from the Eldorado.  Plaintiff was allegedly removed from

10   the restroom by Defendants Russell and Jacob, who work at the Eldorado as security guards.

11   Russell and Jacob allegedly handcuffed Plaintiff and placed him in a holding room, where

12   Plaintiff was then allegedly hit and kicked several times by five Eldorado security guards.

13       Plaintiff initiated this action on November 16, 2007 by filing a pro se complaint.  In an

14   Amended Complaint (#32) filed on March 6, 2008, Plaintiff broadly asserts two claims under

15   42 U.S.C. § 1983.  Plaintiff alleges that Defendants violated his Fourth Amendment rights in

16   two ways: (1) by unreasonably seizing Plaintiff; and (2) by subjecting Plaintiff to excessive

17   force.  Defendants seek dismissal of the Amended Complaint under FRCP 12(b)(6).

## II. ANALYSIS

19       In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P.

20   12(b)(6), the court must accept as true all material allegations in the complaint as well as all

21   reasonable inferences that may be drawn from such allegations.  LSO, Ltd. v. Stroh, 205 F.3d

22   1146, 1150 (9th Cir. 2000).  The allegations of the complaint also must be construed in the

23   light most favorable to the nonmoving party.  Shwarz v. United States, 234 F.3d 428, 435 (9th

24   Cir. 2000).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal

---

26       [1] Defendants have incorporated and rely upon their original Motion to Dismiss and Reply.

27       [2] Defendants filed a Motion to Strike Plaintiff's Supplement to Opposition to Motion to Dismiss
     and Plaintiff's Reply to Defendants' Reply Supporting Motion to Dismiss (#43), requesting that the
28   Court strike documents #39 and #40, on the basis that these pleadings were filed without leave of the
     Court and contrary to any authority to do so.  Neither FRCP 12 nor LR 7-2 authorizes the filing of
     supplemental pleadings "[u]nless otherwise ordered by the court."  Accordingly, the Court has not
     considered Plaintiff's supplemental pleadings and grants Defendants' Motion to Strike.

1  sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). However,

2  there is a strong presumption against dismissing an action for failure to state a claim. See

3  Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). Thus, upon

4  being adequately stated, a claim may be supported by showing "enough facts to state a claim

5  to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969

6  (2007) (citation omitted). However, the factual allegations included in a complaint "must be

7  enough to raise a right to relief above the speculative level." Id. at 1964-65. "The pleading

8  must contain something more ... than ... a statement of facts that merely creates a suspicion

9  [of] a legally cognizable right of action ." Id. at 1965.

10  Because Plaintiff is a pro se litigant, the Court must construe liberally his inartful

11  pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). Thus, the Court must

12  decide whether it appears beyond doubt that Plaintiff can prove no set of facts in support of

13  his claim which would entitle him to relief, even when his claims are liberally construed. Jones

14  v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Applying these

15  principles, the Court now considers whether Plaintiff's action survives Defendants' Motion to

16  Dismiss.

17  **A.     Private Party Liability Under 42 U.S.C. § 1983**

18  To state a claim under § 1983, a plaintiff must allege: (1) a deprivation of rights,

19  privileges, or immunities secured by the Constitution or federal statute and (2) that the

20  defendant acted under color of state law. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir.

21  2003) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). As a general matter, it is presumed that

22  private parties are not acting under the color of state law for purposes of § 1983. See

23  Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (plaintiff's

24  allegations insufficient to establish that a private party is a state actor under § 1983); see also

25  Price v. Hawaii, 939 F.2d 702, 708 (9th Cir. 1991) ("private parties are not generally acting

26  under color of state law."). Purely private conduct, no matter how wrongful, is not covered

27  under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Simply

28  ///

1  put, there is no right to be free from the infliction of constitutional deprivations by private

2  individuals or entities.  See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

3       Here, Plaintiff alleges that Defendants, a private company and two of its employees,

4  were "working under color of law."  However, Plaintiff has not alleged facts showing that

5  Defendants acted under color of state law.  The Ninth Circuit applies four different tests to

6  identify state action:  "(1) public function; (2) joint action; (3) governmental compulsion or

7  coercion; and (4) governmental nexus."  Kirtley, 326 F.3d at 1092 (citations omitted).

8  Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor

9  exists.  Id.  Although it is clear that Plaintiff's Amended Complaint fails to present any facts

10  relevant to these state action tests, each test is discussed herein.

11       1.    Public Function Test

12       "Under the public function test, when private individuals or groups are endowed by the

13  State with powers or functions governmental in nature, they become agencies or

14  instrumentalities of the State and subject to its constitutional limitations."  Id. at 1094 (quoting

15  Lee v. Katz, 276 F.3d 550, 554-55 (9th Cir. 2002)).  The public function test is satisfied only by

16  a showing that the function at issue is "both traditionally and exclusively governmental."  Id.

17  Even taking all allegations in the Amended Complaint as true, as this Court must, there is no

18  basis upon which the Court can conclude that Defendants are endowed with powers or

19  functions that are traditionally governmental in nature.  Accordingly, Defendants are not state

20  actors under the public function test.

21       2.    Joint Action Test

22       "A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by

23  showing that the private party was 'a willful participant in joint action with the State or its

24  agents.'"  Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002).  However, the Ninth Circuit

25  requires "a substantial degree of cooperation" before imposing liability on private parties for

26  acting jointly with state actors.  Id.; Collins v. Womancare, 878 F.2d 1145, 1155 (9th Cir. 1989)

27  ("merely complaining to the police does not convert a private party into a state actor").

28       Taking all Plaintiff's allegations as true, the facts alleged by Plaintiff fail as a matter of

law to satisfy the joint action test for private party liability under § 1983.  The circumstances

4

1  of this case do not establish that any government actors "so far insinuated [themselves] into

2  a position of interdependence with [Defendants] that they must be recognized as a joint

3  participant in the challenged activity." Collins, 878 F.2d at 1155.

4  　　　3.　　Compulsion Test

5  　　　The compulsion test considers whether the "coercive influence" or "significant

6  encouragement" of the state effectively converts private action into government action. Kirtley,

7  326 F.3d at 1094.  In cases involving a private defendant, the issue is typically whether the

8  defendant is liable for following a statute or government regulation.  Sutton v. Providence St.

9  Joseph Med. Ctr., 192 F.3d 826, 838 (9th Cir. 1999).  Plaintiff fails to assert a requisite state

10 coercive influence or significant encouragement.  Accordingly, Defendants are not state actors

11 based on the compulsion test.

12 　　　4.　　Government Nexus Test

13 　　　The government nexus test asks whether "there is such a close nexus between the

14 State and the challenged action that the seemingly private behavior may be fairly treated as

15 that of the State itself." Kirtley, 326 F.3d at 1095 (quoting Brentwood Academy v. Tennessee

16 Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001)).  "The purpose of this requirement

17 is to assure that constitutional standards are invoked only when it can be said that the State

18 is *responsible* for the specific conduct of which the plaintiff complains."  Id.  The Court finds

19 that, taking all allegations as true and construing them in the light most favorable to Plaintiff,

20 Plaintiff has failed to show the existence of any nexus between the state and the challenged

21 action to treat Defendants' conduct as that of the state.

22 　　　Because Plaintiff has failed to establish that Defendants' alleged conduct constitutes

23 state action, Plaintiff's § 1983 causes of action must be dismissed.

24 **B.　　Dismissal Without Leave to Amend**

25 　　　In general, before dismissing a pro se complaint for failure to state a claim, a district

26 court should give a pro se litigant leave to amend the complaint and a statement explaining

27 the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24

28 (9th Cir. 1988).  Leave to amend is not required, however, where it is absolutely clear that the

1  deficiencies of the complaint could not be cured by amendment.  Karim-Panahi, 839 F.2d at

2  623;  see also Shermoen v. United States, 982 F.2d 1312, 1319 (9th Cir.1992) ("'[A] district

3  court does not err in denying leave to amend where the amendment would be futile.'").

4  Moreover, where the plaintiff has previously filed an amended complaint, as in this case, the

5  Court's discretion to dismiss without leave to amend is "particularly broad." Miller v. Yokohama

6  Tire Corp., 358 F.3d 616, 622 (9th Cir. 2004).

7       Plaintiff has not suggested that any amendment could provide additional facts that

8  might sustain his claims, and it is difficult to conceive of such an amendment.  Consequently,

9  Plaintiff's action is dismissed without leave to amend.

10                       **III. CONCLUSION**

11       Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss

12  Amended Complaint (#33) is GRANTED.  IT IS FURTHER ORDERED that Defendants'

13  Motion to Strike Plaintiff's Supplement to Opposition to Motion to Dismiss and Plaintiff's Reply

14  to Defendant's Reply Supporting Motion to Dismiss (#43) is GRANTED.

15       In light of this ruling, IT IS FURTHER ORDERED that the following pending motions are

16  DENIED AS MOOT:

17       •     Motion to Dismiss (#19)

18       •     Motion for Required Joinder of Parties (#36)

19       •     Motion for Publication (#38)

20       DATED: This 25TH  day of April, 2008.

21

22

23

24                      UNITED STATES DISTRICT JUDGE

25

26

27

28

                    6